**Zhi Qiang LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0421–ag.

United States Court of Appeals, Second Circuit.

Dec. 15, 2008.

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhi Qiang Lin, a native and citizen of the People's Republic of China, seeks review of a December 27, 2007 order of the BIA affirming the March 1, 2006 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Qiang Lin*, No. A96 401 039 (B.I.A. Dec. 27, 2007), *aff'g* No. A96 401 039 (Immig. Ct. N.Y. City Mar. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible, and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

The agency's adverse credibility determination was supported by substantial evidence. In his decision, the IJ found that Lin's testimony was inconsistent with his mother's statement. While we agree with the petitioner that his testimony can be read as not wholly inconsistent with his mother's letter, the BIA properly observed that Lin's explanation for the inconsistency undermined his credibility. Specifically, when the IJ asked Lin to explain why his mother's letter did not state that the police had visited their home multiple times in search of him, Lin stated that his mother's letter did not mention the visits because they did not make multiple visits until after his mother wrote the letter. Lin had testified earlier, however, that he left China because the police had been to his home many times. The agency's inconsistency finding is supported by substantial evidence. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also found implausible Lin's testimony that he distributed Falun Gong fliers in public when he knew it had been outlawed, and, thus, that doing so would place him at risk of arrest. Lin does not challenge that implausibility finding, waiving any such argument. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 547 n. 7 (2d Cir.2005).

Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal where both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Finally, because Lin fails to raise any challenge in his brief to the agency's denial of CAT relief, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).